UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

**BARBARA ANN GARCES,**

 **Plaintiff.**

**v.**                **Civil Action:**
                    **5:09-cv-0548-IPJ**

**MICHAEL J. ASTRUE,**
**Commissioner, United States**
**Social Security Administration,**

 **Defendant.**

## Memorandum Opinion

 This matter is before the court on the record and the briefs submitted by the parties. The court has jurisdiction pursuant to 42 U.S.C. §§ 405. Plaintiff Barbara Ann Garces[1] seeks reversal and remand of the final decision of the Commissioner. All administrative remedies have been exhausted.

 Plaintiff filed applications for Disability Insurance Benefits and Supplemental Social Security Income, asserting she was unable to work due to lumbar disc disease and borderline diabetes. (R. 47-49, 50-52). Her applications

---

 [1]Although the complaint and documents submitted to this court by plaintiff use the name "Barabara Ann Garces," the court's opinion and order shall reflect plaintiff's name as "Barbara Ann Garces," as indicated by the Social Security documentation of record.

for benefits were denied initially and again by an Administrative Law Judge ("ALJ") on May 20, 2007. (R. 30-31, 15-26). Because the Appeals Council denied plaintiff's request for review, the ALJ's determination became the final decision of the Commissioner of Social Security. (R. 5-7).

The only function of this court is to determine whether the Commissioner's decision is supported by substantial evidence and whether proper legal standards were applied. *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997) (citing *Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987)). Substantial evidence is "evidence that must do more than create a suspicion of the existence of the fact to be established . . . and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citations omitted).

Plaintiff argues that the ALJ applied an inappropriate legal standard when he accorded significant weight to the single decisionmaker's ("SDM") initial decision that plaintiff is not disabled. Federal law permits states to test modifications to the disability determination process. *See* 20 C.F.R. § 404.906. Alabama uses a "single decisionmaker" (SDM) model in which state disability examiners make initial disability determinations without requiring the signature of a medical or psychological consultant. 73 Fed. Reg. 12495-12496. It does not

appear that Richard Schmidt, the SDM in this case, is a physician or has any medical training of any kind.  Both the Social Security Administration's Programs Operations Manual and federal regulations suggest that the ALJ should not have given the SDM-completed forms significant weight.  Social Security Administration Program Operations Manual, DI 24510.050 ("SDM-completed forms are not opinion evidence at the appeal levels"); *see also* 20 C.F.R. § 404.1512(b)(6).

Nevertheless, any error by the ALJ in according weight to the SDM's decision was harmless.  Disregarding the SDM's decision, weighty and substantial evidence would compel the same outcome. (R. 23-24).  The ALJ discussed plaintiff's medical records extensively and accorded significant weight to the SDM's decision "*in that it is consistent with the medical record.*" (R. 24) (emphasis added).  As explained later in this opinion, the record demonstrates that there is insufficient objective medical evidence to support a finding of disability.  Accordingly, the error was harmless.  *See Wright v. Barnhart*, 153 Fed.Appx. 678, 684 (11th Cir. 2005) (where "correct application [of the applicable legal standards] would not contradict the ALJ's ultimate findings, the ALJ's decision will stand").

Plaintiff also contends that the ALJ's finding that she did not satisfy the pain standard laid out in *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)

is not supported by substantial evidence.  To establish that she is disabled because of pain, the plaintiff must show: (1) evidence of an underlying medical condition and (2) either (a) "objective medical evidence that confirms the severity of the alleged pain arising from that condition or [(b)] the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." *Foote*, 67 F.3d at 1560; *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (citing *Heckler*, 782 F.2d at 1553). The ALJ found that plaintiff satisfied the first prong, but in denying her claim, the ALJ stated, "After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce some symptoms, but not at the level of intensity, and with the persistence and limiting effects alleged by the claimant."  (R. 23).  The ALJ's finding that plaintiff failed to satisfy the second prong of this "pain standard" is supported by substantial evidence.

      The diagnostic tests and radiology reports in the record do not demonstrate that plaintiff's pain is at the level of intensity and with the persistence and limiting effects alleged by the claimant.  On September 28, 2000, plaintiff had a radiographically normal lumbar spine.  (R. 295).  After a vehicle accident on October 29, 2003, her lumbar vertebral body heights were well maintained and

"disk spaces [were] within normal limits.  The pars interarticularis and pedicles [were] intact.  There [was] failed fusion of the posterior elements of S1.  This [was] a congenital abnormality."  (R. 385-386).  An x-ray of the lubosacaral spine was normal.  (R. 385).

On June 13, 2005, plaintiff's mean bone mineral density of the lumbar spine and femoral necks were within the normal range, and her lumbar spine showed "[t]he intervertebral discs maintain normal signal and configuration. The spinal canal and neural foramina appear widely patent. The conus is normally positioned with no areas of abnormally altered signal. There are no vertebral or paraspinal soft tissue lesions seen."  The doctor's impression was that plaintiff was a "normal study."  (R. 463).  On June 16, 2005, a radiology report of plaintiff's lumbar spine showed "minimal arthritic spurring anteriorly at the L3-4 and L4-5 disc spaces.  No fracture or subluxation or other abnormality identified on this examination."  (R. 461).  An MRI showed that there were no vertebral or paraspinal soft tissue lesions and that she was a normal study.  (R. 463).

On August 5, 2005, plaintiff was examined by Dr. Prem Gulati, who noted that plaintiff had no back spasms and complained of only mild soreness on palpation.  Her back was not deformed and she had a normal range of motion of her dorsolumbar spine.  Plaintiff could get on and off the examination table

5

without trouble, walked with a normal gait, was able to squat and rise, and was able to do heel and toe walk without difficulty. (R. 261). After examining her vitals, head, eyes, ears, nose, throat, neck, chest, heart, abdomen, extremities, back, neurological function, and skin, Dr. Gulati concluded plaintiff had mild spondylolisthesis of L5 S1 level. (R. 260-262). Dr. Gulati offered his opinion that "this lady may not be able to do long time sitting type of job but she can do sitting alternating with standing types of jobs without any difficulty." (R. 262).

On April 16, 2006, x-rays of plaintiff's lumbar spine revealed mild lumbar spondylosis at L2-3 and L3-4. (R. 579). As of July 23, 2007, plaintiff's disc spaces were well preserved, and a CT scan of her cervical spine showed no evidence of fracture and showed no evidence of any abnormality. (R. 743-744).

These medical findings constitute substantial evidence supporting the ALJ's conclusion that the plaintiff failed to establish either "objective medical evidence that confirms the severity of the alleged pain arising from that condition or . . . the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain" as required. *Holt*, 921 F.2d at 1223 (citing *Heckler*, 782 F.2d at 1553).

Based upon the court's evaluation of the evidence submitted to and adduced at the hearing before the ALJ and considered by him, the court is satisfied that the

decision of the ALJ is based upon substantial evidence and the only failure to apply the proper legal standard was harmless.  Accordingly, the decision of the Commissioner of the Social Security Administration will be affirmed by separate order.

    Done, this 17th day of December 2009.

                                              INGE PRYTZ JOHNSON
                                              U.S. DISTRICT JUDGE